IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES N. MICELI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-39-WKW |
| | ) | [WO] |
| JIMMY PATRICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff's Petition for Emergency Temporary Restraining Order.  (Doc. # 1.)  Plaintiff is an inmate in the custody of the Alabama Department of Corrections ("ADOC").  In his *pro se* petition, Plaintiff seeks a temporary restraining order enjoining ADOC officials from engaging in certain conduct.  First, he seeks to enjoin them from "plac[ing] [him] into a dry cell or strip[ping] him from his clothing, bedding or property" without due process or just cause. (Doc. # 1, at 7.)  Second, he requests that ADOC officials be enjoined from "using any types of physical and or chemical agents" against him for health reasons.  (Doc. # 1, at 7.)  Third, he requests that all disciplinary actions taken by ADOC officials be "reviewable by this court within a reasonable time frame" should they be used against him.  (Doc. # 1, at 7.)  Upon careful consideration, the motion for a temporary restraining order is due to be denied.

A temporary restraining order is an extraordinary form of relief. Such an order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the injunction is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts it has made to notify the nonmoving party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1). For several reasons, Plaintiff fails to show that he is entitled to this extraordinary remedy.

First, Plaintiff fails to show that he is likely to succeed on the merits of his claim. Though he seeks redress for deprivation of his constitutional rights, his verified complaint does not indicate the manner in which ADOC officials have violated his rights. He merely articulates a perceived threat, indicating that ADOC officials have not yet placed him in administrative confinement.

Second, Plaintiff fails to show that a temporary restraining order is necessary to prevent immediate and irreparable injury. He avers that ADOC officials warned

him to stay quiet in his cell, or else be put into a "dry cell." This is insufficient to show that immediate, irreparable injury will ensue in the absence of emergency injunctive relief.

Third, Plaintiff fails to show that this relief would not be adverse to the public interest. The administration of prisons is a matter of particular interest to the states, and federal courts do not sit to supervise their daily operations. *See Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). It is unclear how judicial intervention is justified under these circumstances.

Fourth, with respect to the propriety of granting *ex parte* relief, Plaintiff failed to certify any reason that notice to the nonmoving parties is unnecessary. *See* Fed. R. Civ. P. 65(b)(1).

Accordingly, it is ORDERED that Plaintiff's motion for a temporary restraining order (Doc. # 1) is DENIED.

DONE this 20th day of January, 2016.

                                              /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE